**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| KENNETH E. LASH, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION NO. 1:12-0966 |
| v. | : | (JONES, D.J.) |
| | | (MANNION, M.J.) |
| MICHAEL A. GEORGE, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**[1]

On May 23, 2012, the *pro se* plaintiff filed a complaint comprising allegations related to the wrongful death of his mother and subsequent mismanagement of her estate, (Doc. No. 1). Presently before the court are several motions filed by both the plaintiff and the defendants. On June 15, 2012, Defendant Judge Michael A. George filed a motion to dismiss, (Doc. No. 6). On June 29, 2012, Defendants Mark R. Fleming, Pearl A. Thorpe and the "Leonard L. Lash and Kathryn A. Lash Trust ACNB" (hereinafter "the Trust") filed a motion to dismiss for lack of jurisdiction, (Doc. No. 16). On August 13, 2012, Defendant Bonnie Bretzman also filed a motion to dismiss for lack of jurisdiction, (Doc. No. 31). Also before the court are several

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

motions filed by the plaintiff, including: a motion entitled "Motion to Defer Dismissal for Cause to Michael A. George," (Doc. No. 5); a motion to vacate Defendant George's motion to dismiss, (Doc. No. 11); and a motion for summary judgment, (Doc. No. 37). Finding that neither a federal question nor complete diversity exist, the court recommends that the plaintiff's complaint be **DISMISSED**.

**I.     FACTUAL BACKGROUND**

The plaintiff's claims relate to the allegedly wrongful death of his mother, either through negligent care or criminal conspiracy, and the subsequent mismanagement of her estate. (Doc. No. 1). Specifically, the plaintiff alleges that Defendant Pearl Thorpe, his sister, misused her power of attorney to install Defendant Bonnie Bretzman as their mother's care giver. Then, the plaintiff alleges, that the two conspired to kidnap his mother and kill her by withholding needed care. Though the date is unclear from the complaint, the plaintiff's mother died at some point before the filing of the instant action.

With regard to the trust, the plaintiff alleges that co-executors Pearl Thorpe and Mark Fleming have failed to equitably divide the assets of the estate. In addition, the plaintiff alleges some form of conspiracy with Paul

Ketterman who works as a trust manager at the Adams County National Bank, though no specific factual details of his alleged misconduct are readily apparent from the complaint. Finally, the plaintiff names Judge Michael A. George of the Court of Common Pleas of Adams County, Pennsylvania as a defendant, presumably related to his state court proceeding, Civil Case No. 08-S-298, though again, he fails to provide specific factual allegations. (Doc. No. 9 at 1).

## II. PROCEDURAL HISTORY

On May 23, 2012, the plaintiff filed his compliant, (Doc. No. 1). On June 6, 2012, counsel for Defendant Judge George notified the plaintiff of his intent to file a motion to dismiss, (Doc. No. 5 at 6). On June 13, 2012, the plaintiff therefore filed a "motion to defer dismissal for cause to Michael A. George," (Doc. No. 5). On June 15, 2012, Defendant Judge George filed a motion to dismiss, (Doc. No. 6), and filed a brief in support on June 18, 2012, (Doc. No. 9). On June 18, 2012, the plaintiff filed a brief in opposition, (Doc. No. 10). On June 26, 2012, the plaintiff filed a motion to vacate the motion to dismiss, (Doc. No. 11). On July 2, 2012, Defendant Judge George filed a brief in opposition to the motion to vacate, (Doc. No. 21).

On June 29, 2012, Defendants Fleming, Thorpe and the Trust filed a motion to dismiss, (Doc. No. 16), and brief in support, (Doc. No. 17). On July 6, 2012, the plaintiff filed a brief in opposition to the defendants' motion to dismiss. (Doc. No. 22). On August 13, 2012, Defendant Bretzman filed a motion to dismiss and brief in support, (Doc. No. 31). On August 20, 2012, the plaintiff filed a brief in opposition, (Doc. No. 32).

On September 10, 2012, the court entered an order directing the plaintiff to file a status report regarding service on Defendant Ketterman, (Doc. No. 33). On September 18, 2012, the plaintiff responded to the court's order and indicated that he had sent a copy of the complaint to Defendant Ketterman via certified mail. (Doc. No. 34).

On October 25, 2012, the plaintiff filed a motion for summary judgment, (Doc. No. 37), and brief in support, (Doc. No. 38).

### III.   STANDARD OF REVIEW

As an initial matter, it is important to note that this court is required to liberally construe a *pro se* plaintiff's pleadings; "however inartfully pleaded," the "allegations of [a] *pro se* complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519,

520 (1972). In doing so, the court is to "apply the applicable law irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer,* 293 F.3d 683, 687 (3d Cir. 2002). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997).

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips*

5

*v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994).

**IV.  DISCUSSION**

### A. Defendant Judge George

The plaintiff alleges that Judge George prevented the plaintiff's state court action from being heard by "administering extreme technical restriction" (Doc. No. 1 at 2). The plaintiff does not expressly style his complaint as a civil rights violation pursuant to 42 U.S.C. §1983; however, the court will construe his claim as such based on a theory of a denial of access to the courts which is protected under the First Amendment.

By bringing a lawsuit against defendant Judge George in his official capacity, the plaintiff is, in fact, bringing a suit against the Court of Common Pleas of Adams County, an entity of the Commonwealth of Pennsylvania. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). *See also Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) (finding all courts and agencies of the unified judicial system are part of the Commonwealth Government and thus are state rather than local agencies). Federal courts cannot consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *See Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985); *Edelman v. Jordan*, 415 U.S. 651, 662 (1974).* This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *See Laskaris v.*

7

*Thornburgh*, 661 F.2d 23, 26 (3d Cir.1981). "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't of Cmty. & Econ. Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris,* 661 F.2d at 25 (citing PA. CONS. STAT. ANN. §8521(b)). Section 1983 or 1985 does not "abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Galavani v. Pennsylvania*, No. 08-0393, 2008 U.S. Dist. LEXIS 89150, at *16 (M.D. Pa. Nov. 4, 2008).

Furthermore, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Consequently, the court recommends that the complaint be dismissed to the extent plaintiff brings claims against Judge George in his official capacities. *See Ludwig v. Berks County,* 313 Fed. Appx. 479, 482 (3d Cir.2008)(finding the Berks County Court of Common Pleas is immune from

8

suit under the Eleventh Amendment).

In addition, Judge George argues that he is immune from suit to the extent that the claims are brought against him in his individual capacity. The common law doctrine of judicial immunity is applicable to civil rights actions. *See Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967)*. Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *See Mireles v. Waco, 502 U.S. 9 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)*. When sued in a civil rights action, judges are immune from liability where the judge had jurisdiction over the subject matter and was performing a judicial act. *See Stump v. Sparkman, 435 U.S. at 356*. Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, in excess of the judge's authority, *Stump v. Sparkman,* supra; *Pierson v. Ray,* supra, or even if they are claimed to have been performed as a result of an alleged conspiracy with others. *See Dennis v. Sparks, 449 U.S. 24 (1980)*.

Here, the plaintiff's claims against Judge George are limited to his "administering extreme technical restriction," which allegedly hindered his state proceeding. (Doc. No. 1 at 2). The plaintiff offers no further facts to support his allegation or explain how Judge George unlawfully interfered with his state proceeding. There is no evidence in the record that Judge George

9

acted outside his jurisdiction and as such, the court recommends that the plaintiff's claims against Judge George, in both his official and individual capacities, be dismissed.

**B. Defendants Bretzman, Fleming, Thorpe and the Trust**

Defendant Bretzman, Fleming, Thorpe and the Trust each argue that the plaintiff's complaint should be dismissed because he has failed to plead a cause of action over which the court has jurisdiction.

Pursuant to 28 U.S.C. §1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Alternatively, pursuant to 28 U.S.C. §1332(a)(1), district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. 28 U.S.C. §1332. For jurisdiction to exist, however, there must be complete diversity. Complete diversity means that each defendant must be a citizen of a different state from each plaintiff. *See Deutsche Bank Nat. Trust Co. v. Westgate,* 2012 WL 4742778 (M.D. Pa. Oct. 3, 2012)(*citing Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

Reading the plaintiff's *pro se* complaint liberally, the court construed the plaintiff's claims against Judge George as a federal civil rights claim under [42 U.S.C. §1983](). Nevertheless, reading the plaintiff's remaining claims with an equally broad understanding, there is no cognizable federal question on which to base jurisdiction. The plaintiff's claims relate to the allegedly wrongful death of his mother and management of her trust. Despite the plaintiff's appeal to the United Sates Constitution, these claims do not arise under the Constitution, laws or treaties of the United States. Rather they are state law claims over which state courts have jurisdiction.

This court can assume jurisdiction over state law claims when complete diversity exists and there is a sufficient value in controversy. In the instant case, however, the pleadings clearly establish that the plaintiff is a resident of Pennsylvania as are Defendants Bretzman and Fleming. (Doc. No. [1]() at 1). In addition, the last will and testament of Kathryn Lash was admitted for probate before the Register of Wills of Adams County, Pennsylvania. (Doc. No. [17]() at 4). Moreover, it is evident from the record that the care administered to Kathryn Lash before she died occurred in Adams County, Pennsylvania. (Id.). Defendant Thorpe does appear to be a resident of Texas, however, a single diverse party does not support diversity jurisdiction. Finding that neither federal question, nor diversity jurisdiction exist, the court recommends that the

plaintiff's complaint be dismissed.

### C. Defendant Ketterman

Under Federal Rule of Civil Procedure 4(m): "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the plaintiff originally filed his complaint on May 23, 2012. (Doc. No. 1). On September 18, 2012, in his response to the court's order for a status report regarding service, the only indication of attempted service was via certified mail. (Doc. No. 34). Under Federal Rule of Civil Procedure 4(c), certified mail is not a proper means of service and therefore the plaintiff has failed to serve the summons and complaint within the required 120 days. In considering whether to dismiss the claims against Defendant Ketterman without prejudice or allow the plaintiff additional time to serve, the court finds that neither is appropriate as an attempt to bring the current claims would be futile, (i.e. no constitutional claim nor complete diversity). Therefore, the court recommends dismissal of the complaint with prejudice.

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal

of actions more generally. The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant. *See* [Kenney v. Cal. Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967)](); *see also* [Binsack v. Lackawanna County Dist. Attorney's Office, 2011 WL 5840314 (M.D.Pa. Nov. 21, 2011)](). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)]().

Here, the plaintiff's claims against Defendant Ketterman are limited to his involvement with the Trust as an employee of the Adams County National Bank. (Doc. No. 1 at 5-6). The plaintiff has attempted to serve the Defendant Ketterman at the Gettysburg, Pennsylvania Branch of Adams County National Bank. (Doc. No. 34 at 4). Though these attempts at service do not provide a conclusive indication of Defendant Ketterman's residence for diversity purposes, it has already been well established that many of the essential defendants and events occurred in Pennsylvania, thereby eliminating the possibility of diversity jurisdiction. Similarly, the plaintiff has failed to plead a federal cause of action with respect to Defendant Ketterman and therefore no

federal question jurisdiction exists.

As such, allowing the plaintiff an opportunity to amend would be futile and the court recommends that the plaintiff's claims against Defendant Ketterman be dismissed.

**THEREFORE, THE COURT HEREBY RECOMMENDS, THAT:**

**(1)** The motion to dismiss filed by Defendant Judge Michael A. George, (Doc. No. 6), be **GRANTED**;

**(2)** The motion to dismiss filed by Defendants Mark R. Fleming, Pearl A. Thorpe and the Leonard L. Lash and Kathryn A. Lash Trust ACNB, (Doc. No. 16), be **GRANTED**;

**(3)** The motion to dismiss filed by Defendant Bonnie Bretzman, (Doc. No. 31), be **GRANTED**;

**(4)** Claims against Defendant Paul A. Fleming be **DISMISSED**;

**(5)** The plaintiff's motion to defer dismissal for cause, (Doc. No. 5), be **DENIED**;

**(6)** The plaintiff's motion to vacate Defendant Judge George's motion to dismiss, (Doc. No. 11), be **DENIED**;

**(7)** The plaintiff's motion for summary judgment, (Doc. No. 37), be **DISMISSED AS MOOT**; and,

**(8)** The clerk be directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: November 15, 2012
O:\shared\REPORTS\2012 Reports\12-0966-01.wpd