IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH E. LASH, | : | |
| | : | 1:12-cv-966 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| MICHAEL A. GEORGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### January 8, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 41), filed on November 15, 2012, which recommends that the motions to dismiss of Defendants Judge Michael A. George, Mark R. Fleming, Pearl A. Thrope, the Leonard L. Lash and Kathryn A. Lash Trust ACNB, and Bonnie Bretzman be granted. (Docs. 6, 16, and 31). The R&R further recommends that the Plaintiff's claims against Defendant Paul A. Fleming be dismissed and that all of the motions filed by *pro se* Plaintiff Kenneth E. Lash ("Plaintiff" or "Lash") be denied. (Docs. 5, 11 and 37).

1

After being granted an extension of time within which to do so, Plaintiff filed objections to the R&R. (Doc. 47). Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

On May 23, 2012, Plaintiff commenced the instant federal action by filing a complaint that contained allegations related to the wrongful death of his mother and subsequent mismanagement of her estate. (Doc. 1). This matter was referred to Magistrate Judge Mannion for pre-trial management. Motions to dismiss were

thereafter filed by nearly all of the Defendants.[1] (Docs. 6, 16, and 31). Plaintiff has also filed a variety of self-styled motions, including a "Motion to Defer dismissal for Cause to Michael A. George" (Doc. 5); "Motion to Vacate Motion to Dismiss of Michael A. George" (Doc. 11); and a "Summary Judgment Motion by Plaintiff in Lash v. George, et al" (Doc. 37). Within the instant R&R, the Magistrate Judge undertook a review of all of the pending motions in this matter, and as noted above, recommends that the Defendants' motions be granted and the Plaintiff's motions be denied. For the reasons that follow, we agree with these recommendations.

First, we agree with the Magistrate Judge that the Defendant Judge Michael A. George[2] of the Court of Common Pleas of Adams County enjoys absolute judicial immunity from suits against him in his individual capacity and sovereign immunity from suits against him in his official capacity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *see also Stump v. Sparkman*, 435 U.S. 349 (1978); *see also*

---

[1] As of the writing of this Memorandum, Defendant Paul H. Ketterman, Jr. has not been served with the complaint. Magistrate Judge Mannion recommends that, pursuant to F.R.C.P. 4(m), the action be dismissed as against Defendant Ketterman due to Plaintiff's failure to effect service upon him. We shall adopt this recommendation.

[2] Plaintiff's allegation against Judge George is that he prevented Plaintiff's state court action from being heard by "administering extreme technical restriction." (Doc. 1, p. 2).

*Callahan v. City of Philadelphia*, 207 F. 3d 668, 672 (3d Cir. 2000). Thus, we shall grant Defendant Judge George's Motion to Dismiss.

Next we agree that the Motions to Dismiss of Defendants Fleming, Thorpe, the Trust and Bretzman should be granted because Plaintiff has failed to plead a cause of action over which this Court has jurisdiction. As correctly explained by the Magistrate Judge, although the Plaintiff refers to the Constitution within his pleading, he has not set forth a federal civil rights claim, inasmuch as all of these Defendants are not state actors. Thus, the only basis upon which Plaintiff can proceed on his claims in federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[3] To properly invoke the Court's diversity jurisdiction, there must be complete diversity, which means that each Defendant must be a citizen of a different state than the Plaintiff. *See Deutsche Bank Nat. Trust Co. v. Westgate*, 2012 WL 4742778 (M.D. Pa. Oct. 3, 2012 (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978)). Here, Plaintiff is a citizen of Pennsylvania, as are Defendants Bretzman and Fleming. Defendant Thorpe appears to be a citizen of Texas, however, a single diverse party does not create or support diversity jurisdiction. Accordingly, we adopt the Magistrate Judge's reasoning that,

---

[3] Pursuant to this statute, district courts have original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars and is between citizens of different states.

because neither federal question nor diversity jurisdiction exist, these Defendants' Motions to Dismiss must be granted.

As noted above, Plaintiff has filed objections to the R&R. However, none of the arguments set forth by the Plaintiff are legally cognizable, nor do they alter our determination that the Magistrate Judge's analysis and reasoning was entirely correct. While we recognize the Plaintiff feels aggrieved that, in his view, his mother's estate was mismanaged, he simply has not stated a cause of action that may be legally maintained in federal district court. Thus, for the aforementioned reasons, we shall adopt the Magistrate Judge's R&R in its entirety. An appropriate Order shall issue.